IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW NICHOLS, ) | |
| ) | 2:11-cv-02444-GEB-JFM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER RE: SETTLEMENT AND |
| ) | DISPOSITION |
| HOMETOWN BUFFET and DOES 1 to ) | |
| 100, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

      Defendant filed a "Notice of Settlement" on November 18, 2011, in which it states, the parties "have agreed to settle all contested claims in this matter" and "anticipate filing [a] Stipulation regarding Dismissal . . . within 21 days of this Notice." (ECF No. 8.)

      Therefore, a dispositional document shall be filed no later than December 9, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

      Further, the Status Conference scheduled for hearing on December 12, 2011, is continued to February 13, 2012, commencing at 9:00 a.m., in the event no dispositional document is filed, or if this

1

action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the Status Conference.

IT IS SO ORDERED.

Dated:  November 21, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2